UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CEDRIC SHANARD BRUCE,

    Plaintiff,

v.                           Case No. 5:20-cv-581-Oc-39PRL

MICHAEL CARVAJAL, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Cedric Bruce, a federal prisoner, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.), along with a declaration (Doc. 2; Pl. Dec.), a motion to proceed as a pauper (Doc. 3) and a motion for appointment of counsel (Doc. 4). Plaintiff asserts prison officials denied him equal protection under the Fifth Amendment by fabricating inmates' PATTERN scores in determining whether they qualify for home confinement under the CARES Act.[1] See Compl. at 3, 4; Pl. Dec. at 1.

---

[1] The "CARES Act" refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). Plaintiff does not say what "PATTERN" stands for, though he explains each inmate's score is calculated based on his responses to questions about prior criminal history, age, sex, disciplinary infractions, educational background, and other similar topics. See Pl. Dec. at 1. According to Attorney General Barr, this score is one of many factors prison officials may consider in determining whether an inmate should be granted home confinement. See Attorney General Barr's

Notably, Plaintiff does not allege his own PATTERN score was manipulated or fabricated. Rather, he claims prison officials alter the scores so that "cherished, favored[,] or adored inmates," such as Michael Cohen, Paul Manafort, and two Coleman-Low inmates, will qualify for transfer to home confinement. See Compl. at 2, 3, 4; Pl. Dec. at 1. Plaintiff further contends there are "many prisoners at . . . Coleman-Low, who deserve to be released," see Pl. Dec. at 2, but Defendants have "deliberately misinterpreted [Attorney General] Barr's guidance when processing inmates for a transfer to home confinement under the CARES Act," see Compl. at 4.

As relief, Plaintiff seeks a preliminary injunction directing the Federal Bureau of Prisons (BOP) to process inmates for transfer to home confinement if they meet five criteria, which largely track the factors Attorney General Barr identifies in his March 26, 2020 memo. See Compl. at 5. However, as opposed to Attorney General Barr's pronouncement that an inmate with a PATTERN score above "minimum" should not receive priority treatment for home confinement consideration, Plaintiff advocates an inmate with a "medium" score or below should be eligible. Id. Cf. Attorney General Barr's March 26, 2020 Memorandum for Director of Bureau Prisons, available at https://www.bop.gov/coronavirus/ (last visited Dec. 9, 2020).

---

March 26, 2020 Memorandum for Director of Bureau Prisons, available at https://www.bop.gov/coronavirus/ (last visited Dec. 9, 2020).

2

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

A court must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se

3

pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. As a preliminary matter, the Court notes that Plaintiff's action, if plausible, would not proceed under § 1983 because he is a federal prisoner suing federal actors, not state actors. Civil rights actions against federal actors proceed under Bivens,[2] though district courts are guided by relevant § 1983 case law. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011). Importantly, Bivens claims are not coextensive with those cognizable under § 1983. Indeed, since Bivens, the Supreme Court has extended Bivens remedies in only two other contexts: gender discrimination in the workplace and deliberate indifference to serious medical needs in prison. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14, 21 (1980)).

---

[2] In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971).

Because a Bivens action is meant to have a deterrent effect on federal actors who violate an inmate's constitutional rights, the appropriate remedy is damages, not injunctive relief. See Carlson, 446 U.S. at 21 (recognizing Bivens extends damages remedies against individuals). Accordingly, the proper defendant in a Bivens action is the individual officer (or officers) who allegedly deprived a federal inmate of his constitutional rights. A prisoner may not maintain an action against the BOP or individual corrections employees in their official capacities. Solliday, 413 F. App'x at 209 ("While a plaintiff may bring a Bivens action against a federal officer in his individual capacity, a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity."). See also F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994) (declining to expand the category of Bivens defendants to include federal agencies, in part because "the purpose of Bivens is to deter the officer" (emphasis in original)).

Assuming for the sake of argument that Plaintiff's underlying claim is cognizable under Bivens, his complaint is subject to dismissal for a number of reasons. First, Plaintiff seeks solely injunctive relief, which is not available in a Bivens action. See Compl. at 5. Regardless, the relief he seeks—an order directing the BOP to transfer all qualifying inmates to home confinement—is not one a district court may grant. This is because the BOP has exclusive jurisdiction to decide where to house prisoners, including home confinement.

5

See 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.");³ United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (holding a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). See also McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another.").

Second, Plaintiff's claims against Defendants in their official capacities are not cognizable under Bivens. See Solliday, 413 F. App'x at 209. Third, Plaintiff names as Defendants the Director of the BOP and the Warden of Coleman-Low solely because of the supervisory positions they hold. Under Bivens, as under § 1983, a supervisory official may not be held liable for the conduct of his subordinates. See Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).

Fourth, an inmate may not file an action to vindicate the rights of other inmates. See Singleton v. Wulff, 428 U.S. 106, 114 (1976). This is precisely

---

³ The sentencing court can recommend that a prisoner be placed in a particular "type of penal or correctional facility," but the decision whether to place a prisoner in home confinement rests with the BOP. See 18 U.S.C. § 3621(b)(4)(B).

6

what Plaintiff appears to be doing. He does not seek relief that is individual to himself outside of a general declaration that Defendants' conduct violated his rights. See Compl. at 5. Rather, he seeks relief on behalf of "all inmates" who may be eligible for home confinement. Id. Moreover, Plaintiff does not contend prison officials improperly denied his request for home confinement. Indeed, Plaintiff acknowledges he did not qualify based on his PATTERN score of "low." See Pl. Dec. at 1.

Finally, even if Plaintiff challenges the BOP's denial of his request for home confinement, he admittedly did not exhaust his administrative remedies before filing his complaint. See Compl. at 4. Plaintiff explains he did not exhaust his administrative remedies because "[n]othing in the CARES Act or Attorney General Barr's Memorandum's [sic] outline [an inmate's] legal obligation to administratively exhaust the [BOP's] allegedly improper exercise of authority." Id. Plaintiff also contends exhaustion would be futile. Id.

Plaintiff's arguments are unavailing and contrary to statutory and case law. The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]"

7

Woodford v. Ngo, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211). The Supreme Court has held "the PLRA . . . requires proper exhaustion," which means a prisoner must grieve his issues in compliance with the agency's procedural rules, so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. Woodford, 548 U.S. at 90, 93.

"[F]ederal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures just as state prisoners" suing under § 1983 must do. Porter v. Nussle, 534 U.S. 516, 524, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life."). See also O'Brien v. Seay, 263 F. App'x 5, 8 (11th Cir. 2008) (recognizing the PLRA exhaustion requirement applies to Bivens claims). To properly exhaust administrative remedies, a federal prisoner must follow a multi-tiered process as set forth in the BOP's Administrative Remedy Program (ARP). See 28 C.F.R. §§ 542.13-542.18. See also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (explaining the process to exhaust administrative remedies under the ARP).

Plaintiff concedes he did not first exhaust his administrative remedies. Indeed, his request for home confinement was denied on November 23, 2020, and he mailed his complaint on December 1, 2020. See Compl. at 4, 9, 11. Plaintiff would have had no time to complete the BOP's multi-tiered grievance

8

process, and his subjective opinion that pursuing administrative remedies would be "futile" is not a viable defense to the exhaustion requirement. See Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) ("[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile."). As such, even if Plaintiff had stated a viable claim under Bivens, the Court would lack jurisdiction to consider it.

For the reasons discussed, the Court will dismiss Plaintiff's case without prejudice subject to his right to pursue by separate action any plausible claims for relief he may have after properly exhausting them.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of December 2020.

_____
BRIAN J. DAVIS
United States District Judge

9

Jax-6
c:
Cedric Shanard Bruce